IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMIE MODICA, JR.                                                                                         PLAINTIFF

v.                                        Civil No. 4:25-cv-04080-CDC

TINA HODGE                                                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jamie Modica, Jr. ("Modica") filed this action alleging civil rights violations under 42 U.S.C. § 1983.  Modica proceeds *pro se* and *in forma pauperis*.  The case is before the Court for preservice screening of the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The case was directly assigned to the undersigned Magistrate Judge.  However, because not all parties to the action have consented to the jurisdiction of the undersigned, and some of Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. *See* 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure; General Order 2024-02.

## I. BACKGROUND

Modica is an inmate at the Southwest Arkansas Community Correction Center ("SWACC") in Texarkana, Arkansas.  His Amended Complaint brings one claim against one SWACC staff member, named Tina Hodge, in both her official and individual capacities.  *See* ECF No. 6, p. 4.  Modica seeks compensatory damages and injunctive relief.  *See id.* at 5.

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Specifically, Modica alleges that one day he walked by Hodge as she was talking with two other residents. While walking by, Modica says he "did my usual 'hair flip' to MYSELF and [Hodge] stopped her conversation with them and stated, 'EXCUSE me come back here; did you just do this hair flip? Don't ever let me see you do that AGAIN, only I CAN DO THAT' *flips her hair*". *Id.* at 4–5 (emphasis in original). Modica further alleges that later one of the residents with whom Hodge had been talking during the earlier incident told Modica that "Mrs. Hodge said there can only be one queen down here and it's her, not you." *See id.* at 5. Modica asserts that this constitutes discrimination, a hate crime against an LGBTQ resident, and defamation of character because Hodge "assumed I wanted to be a female." *See id.*

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting*

2

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Modica has not alleged facts showing the deprivation of any federal statutory or constitutional right. Defamation alone is insufficient to support a claim under § 1983. *See, e.g.*, *Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988). In *Paul v. Davis*, 424 U.S. 693, 711–12 (1976), the United States Supreme Court held that a person's interest in his reputation is not considered liberty or property protected by the Due Process Clause of the Fourteenth Amendment. Similarly, taunts, name calling, and the use of offensive language generally do not violate any constitutional right unless the verbal abuse is accompanied with threats of death. *See, e.g.*, *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Burton v. Livingston*, 791 F.2d 97, 100–01 (8th Cir. 1986). No such grave threats have been alleged here.

### IV. CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner

is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of November, 2025.**

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE